**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | |
|---|---|
| **SANDRA OLYER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:04-CV-0238-C |
| § | ECF |
| § | Referred to the U.S. Magistrate Judge |
| **JO ANNE B. BARNHART,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the court upon Plaintiff's complaint filed November 1, 2004, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on May 23, 2005, Defendant filed her brief on August 11, 2005, and Plaintiff filed her reply on October 3, 2005. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. This court, having considered the pleadings, the briefs, and the administrative record, recommends that the United States District Judge reverse the Commissioner's decision and remand this matter for further proceedings.

**I.   STATEMENT OF THE CASE**

Plaintiff filed an application for supplemental security income benefits on January 15, 2002, alleging disability beginning January 15, 2002. Tr. 17, 76-78. Plaintiff's applications were denied

initially and upon reconsideration. Tr. 17, 49-54, 56-58. Plaintiff filed a Request for Hearing by Administrative Law Judge on November 4, 2002, and this matter came for hearing before the Administrative Law Judge ("ALJ") on December 2, 2003. Tr. 17, 28-44, 59. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 31-44. Jerry Taylor, a vocational expert ("VE"), appeared but did not testify. The ALJ issued a decision unfavorable to Plaintiff on April 4, 2004. Tr. 14-22.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff had not engaged in substantial gainful activity at any time since January 15, 2002. Tr. 18, 21. He found that Plaintiff has "severe" impairments, including a seizure disorder and depression. *Id.* He further found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 22.

The ALJ found that Plaintiff did not have past relevant work. He noted that Plaintiff was considered a "younger individual" on January 15, 2002; she is currently defined as a person "closely approaching advanced age." He also noted that she has a high school education and one year of college courses. 20 C.F.R. §§ 416.963, 416.964.

The ALJ found that Plaintiff retained the RFC to perform a full range of work activity at all exertional levels which does not involve more than simple instructions. Tr. 22. The ALJ, therefore,

concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 17, 21-22.

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 4, 2004, also asking for copies of the hearing tape and decision and an extension of time. Tr. 12-13. The requested copies were sent and a 25-day extension of time was granted. The Appeals Council issued its opinion on June 24, 2004, indicating that although it had considered the contentions raised in Plaintiff's Request for Review and the additional evidence, it nevertheless concluded that there was no basis for changing the ALJ's decision and denied Plaintiff's request. Tr. 4-7. The ALJ's decision, therefore, became the final decision of the Commissioner.

On November 1, 2004, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An individual may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)(citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case, the ALJ found at step 4 that Plaintiff was not disabled because she retained the RFC to perform work activity at all exertional levels which does not involve more than simple instructions. 20 C.F.R. § 416-945. Tr. 21-22.

### III.  DISCUSSION

Plaintiff originally raised the following issues in this case:

**A.  Whether the ALJ erred by using inappropriate legal standards to determine Plaintiff's mental residual functional capacity in order to reach step 4 of the sequential disability evaluation process, and whether the determination of Plaintiff's RFC is supported by substantial evidence.**

**1.  Whether the ALJ's RFC finding is supported by any evidence linking Plaintiff's GAF score to the complexity of instructions she can perform.**

**2.  Whether the ALJ erred by rejecting the opinions of treating psychiatrist James E. Huddleston without meeting the requirements of 20 C.F.R. § 416.927(d) and *Newton v. Apfel*.**

**3.  Whether the ALJ erred by rejecting the opinions of consulting psychologist Kristen M. Jensen without meeting the requirements of 20 C.F.R. § 416.927(d) and Social Security Rulings 96-5p abd 96-8p.**

**4.  Whether Plaintiff was prejudiced by the ALJ's failure to meet the requirements of 20 C.F.R. § 416.927(d).**

B.  **Whether substantial evidence supports the ALJ's Step 5 finding, which presumes that all unskilled jobs require no more than "simple tasks consisting of one to two steps."**

Plaintiff's Reply Brief raised the following issue:

C.  **Whether the ALJ can use the Medical-Vocational Guidelines to direct a finding of not disabled when the Plaintiff has only a mental impairment.**

The court addresses only the claim brought up by Plaintiff for the first time in her Reply Brief.

Plaintiff claims that the ALJ erred by using the Medical-Vocational Guidelines at step 5 to direct a finding of not disabled because the Plaintiff 's impairments were only nonexertional. The Medical-Vocational Guidelines provide that a claimant can be found not disabled at step 5 of the evaluation process if she precisely meets any of the sets of criteria provided in the Guidelines. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00.

> Since the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, *e.g.,* certain mental, sensory, or skin impairments.
>
> The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments.

*Id.* at (e), (e)(1).

The Fifth Circuit has held that once the ALJ determines that a claimant suffers from a nonexertional impairment that prevents her from performing her past work and the full range of other available work, the [Commissioner] must produce "expert vocational testimony or other similar evidence" to establish that jobs exist in the national economy that the applicant can perform. *Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir. 1986).

More recently the Court confirmed, in dicta, that the use of the Guidelines is not appropriate when the claimant has nonexertional limitations. *Carey v. Apfel,* 230 F.3d 131, 147 (5th Cir. 2000). While the mere presence of a nonexertional mental impairment does not prohibit the sole reliance

on the Guideline rules, such reliance is appropriate if the claimant either suffers only from exertional impairments or her nonexertional impairments do not significantly affect the ALJ's RFC finding. *Hearne v. Barnhart,* 111 Fed. Appx. 256, 2004WL2244213 (5th Cir. (Tex.)).

In this case, the ALJ found[1] at step 2 that Plaintiff had a seizure disorder and depression that he concluded were severe, reciting the *Stone* standard. Tr. 18. He found that Plaintiff had no exertional impairments. Tr. 21. He found that Plaintiff retained the RFC to perform a full range of work at all exertional levels which does not involve more than simple instructions. *Id*. He found that Plaintiff, with her RFC, met all of the requirements under § 204.00 of the Guidelines and that the Guidelines directed a conclusion that she was not disabled. *Id*.

Clearly the ALJ erred in solely using the Guidelines when Plaintiff's only impairments were nonexertional, and the case must be reversed and remanded. If the pertinent facts and findings remain the same on remand, the ALJ must rely on a vocational expert to determine what Plaintiff is still able to do. Without having decided the ultimate outcome of the other issues raised by Plaintiff in her briefs, the court suggests that the ALJ review the other issues to determine whether other action should be taken on remand. In particular, the court suggests that the ALJ consider whether he should apply the five factors in 20 C.F.R. § 416.927 in determining the weight to which a treating physician's, or other medical source's, medical source statement opinions are entitled, document the analysis, give good reasons for the weight given to all medical source opinions (unless the treating doctor's opinions have been given controlling weight), and provide an appropriate explanation for rejecting a treating physician's opinion pursuant to the regulation and *Newton*.

---

[1] The ALJ subsequently stated that he found that claimant's only impairments were self-induced drugs, and drug abuse was not material to the case, which has caused some confusion.

## IV.  CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge reverse the Commissioner's decision and remand this matter for further proceedings in accordance with this recommendation.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections on or before **3:00 p.m. on March 30, 2006.**  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation on or before **3:00 p.m. on March 30, 2006,** shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 16th day of March, 2006.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**